[No. 10225. Department Two. May 31, 1912.]

A. J. ANDERSON, *Respondent*, v. THE WHITE COMPANY, *Appellant*.[1]

SALES—PARTIES—EXECUTION—EVIDENCE—SUFFICIENCY. The evidence establishes that the contract for the sale of an automobile was not made by the defendant, the manufacturer, but by a local company, where it appears that the local company had the exclusive right to sell defendant's cars at the city of A., which cars it purchased of defendant at a discount, that the local company was assisted in making the sale to the plaintiff by defendant's traveling salesman, to whom a check was given as a deposit, and who drew up a memorandum of the agreement signing his own name and that of the local company, and where the local company in dealings with the defendant always claimed that it made the sale, the formal order for the car being subsequently signed by plaintiff and the local company, the defendant not being a party to the contract.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered November 11, 1911, upon findings in favor of the plaintiff, in an action on contract, after a trial to the court. Reversed.

*Hogan & Graham,* for appellant.

*Boner & Boner,* for respondent.

MORRIS, J.—Respondent brought this action to recover $500, which he alleged as his damages because of the failure of appellant to deliver to him an automobile purchased by him, and upon which he had advanced the sum of $500. The appellant denies any contractual relation with respondent, and contends he purchased the automobile from the Aberdeen Auto Company against whom, if at all, his action should proceed. The court below having found for respondent and awarded him his judgment as demanded, The White Company appeals.

Some time prior to the date of the transaction complained of, The White Company and the Aberdeen Auto Company entered into a contract whereby the Aberdeen Company was

[1]Reported in 123 Pac. 1009.

to have the sale of White cars at Aberdeen, which were to be purchased from appellant at a discount of 20% from the list price. Mr. Stewart, the manager of the Aberdeen Company, had for some time been endeavoring to sell a White car to respondent, but had been unsuccessful. Finally T. J. Rochford, a traveling salesman for The White Company, came to his assistance, and on April 14, 1910, respondent agreed to purchase a car. Mr. Rochford drew up a memorandum of the purchase, describing the car to be furnished, and its equipment, and the time of delivery, and acknowledging the receipt of a $500 deposit. This was signed by respondent and the Aberdeen Auto Company, the latter signature being written by Rochford under direction from Stewart, the manager of the Aberdeen Company. This memorandum was retained by Rochford, after giving respondent an unsigned copy of it, until after the commencement of this action, when, at the request of The White Company for information to enable it to defend the action, he forwarded it by mail some time in April, 1911, a year after the original transaction. After the purchase had been agreed upon, respondent and the Aberdeen Company, through M. M. Stewart, entered into the following contract:

ABERDEEN AUTO CO.

Representing White's Steam and Gasoline Cars.

You are hereby authorized to deliver to me, A. J. Anderson, One White Steamer 20 H. P. 00 Automobile, with regular equipment of Shock Absorbers, 2 Gas Head Lamps, 2 Oil Side Lamps, 1 Oil Tail Lamp, Gas Tank (state preference), Horn and Tools, for which I agree to pay Two Thousand Dollars ($2,000) plus the cost of extras and freight charges. I hand you herewith $500, balance payable upon delivery and I desire the following extras, at the prices attached:

| | |
|---|---:|
| Freight charges ............................ | $180.00 |
| Top-Side Curtains & Top Cover............... | 125.00 |
| Wind Shield ................................ | 50.00 |
| Speedometer ................................ | 35.00 |
| | $390.00 |
| Less discount as per mileage................ | 40.00 |
| Balance............................... | $350.00 |

The above automobile guaranteed three hundred and sixty-five days from date of sale. Tires on the above automobile guaranteed for thirty-five hundred miles.

Color specifications: Body Blue Running Gear standard.

Delivery to be made on or about June 1.

Ship to Aberdeen.

Signature of Purchaser ⎫
Address of Purchaser  ⎬
   619 North I       ⎭

Salesroom at 218 W. Heron St.

Date April 14, 1910.          (Signed)  A. J. Anderson.

Signature of Salesman:          (Signed)  M. M. Stewart.

At the same time, respondent made out a check for $500, payable to Rochford. On the next day the Aberdeen Company sent the following order to The White Company:

STEAM CAR SPECIFICATIONS.

Aberdeen, April 15, 1910.

The White Company,
   San Francisco, Cal.

Gentlemen:

In accordance with your Contract Form No. 4 of 1909, please enter our order for the following White Gasoline Cars:

| No. | Model. "GB" | Color. | Model 00 | Color. | Equipment. | Month of Delivery. |
|---|---|---|---|---|---|---|
| 1 | | | Touring | Blue | Top, Glass Front, Trunk Rack | As soon as possible |
| 2 | | | Touring | Maroon | Top, Glass Front | " |
| 3 | | | Touring | Green | Top, Glass Front | " |

Date of order April 15th, 1910.
     Ordered by

(Signed) Aberdeen Auto Co.
M. M. Stewart.

It is conceded that the first car named in this order was the one ordered by respondent. When this order was sent, the $500 check given to Rochford by respondent was cashed, a draft for $500 purchased and mailed with the order as a deposit on the three cars, and on receipt the same was cred-

ited to the Aberdeen Auto Company. When the cars reached Aberdeen in response to this order, respondent refused to accept his car, upon the ground it did not comply with the specification as to color and trunk rack. Mr. Stewart, of the Aberdeen Company, now endeavors to assist respondent in his contention that the contract was made with appellant, but an inspection of his letters and bills to appellant is confirmatory of appellant's contention that Rochford was only assisting the Aberdeen Company in making the sale, and that respondent made his purchase from the Aberdeen Company. In one of his letters, he says: "During the month of April Rochford, your agent, assisted us in closing a sale with A. J. Anderson of this city." In the same letter, he says: "We therefore claim $500 back on Anderson's deposit and $400 loss of commission, the amount of profit which we would have received had you fulfilled your agreement." Again, on September 5, 1910, Stewart sends a bill of certain credits claimed by him from appellant, among which we find these two items: "Profits lost on Aberdeen sale, $400. Cash deposit paid by A. J. Anderson $500." Still later, in an action by The White Company against him and the Aberdeen Auto Company, he alleges in the answer of the Aberdeen Company, after referring to its contract with The White Company, "that under the said agreement this defendant made and perfected a sale of an automobile to one A. J. Anderson." It would seem unnecessary to make comment upon the now contention of the Aberdeen Company that it had nothing to do with this sale.

The contract entered into by respondent seems to us conclusive of the appellant's contention that the contract of purchase of this machine was made with the Aberdeen Company, and that its only connection with the matter was in the filling of the order sent it by the Aberdeen Company. To hold otherwise, is to entirely disregard all the documentary evidence in the case. Respondent places much reliance upon the memorandum, an unsigned copy of which

was given him; but it is evident he could not have understood that was his contract, or there could have been no necessity or reason for his entering into the contract subsequently signed by him. It could not have been intended for more than a memorandum of the kind of car he was to receive and a receipt for the $500 deposit. It was also signed by the Aberdeen Company, appellant not appearing as a party to it. Whether or not Rochford was authorized to make that signature, which is not disputed, it was at least notice to respondent that it was then contended by Rochford that his contract was with the Aberdeen Company. We have no concern with the dispute between appellant and respondent as to whether the car was delivered in accordance with the specifications of the order. The only question we have to deal with is, with whom did respondent make his contract. The evidence convinces us it was with the Aberdeen Auto Company and not with appellant.

The judgment is therefore reversed.

DUNBAR, C. J., ELLIS, and MOUNT, JJ., concur.